**Gunung Tony Mangatas MANULLANG,**
Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72149.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See Fed. R.App. P. 34(a)(2).*

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Gunung Tony Mangatas Manullang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, see *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001), and we deny the petition for review.

The IJ denied Manullang's asylum application as time-barred. Manullang does not challenge this finding in his opening brief.

Substantial evidence supports the IJ's denial of withholding of removal because the harassment and discrimination Manullang experienced on account of his Christian religion did not rise to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies to Indonesian Christians seeking withholding of removal, Manullang has not demonstrated a clear probability of future persecution. *See id.* Substantial evidence also supports the IJ's denial of withholding of removal because Manullang's similarly situated Christian mother remains in Indonesia without incident, *see Hakeem*, 273 F.3d at 816–17, and he has not shown it would be unreasonable to internally relocate, *see Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir.2003). Lastly, Manullang did not establish that there is a pattern or practice of persecution of Christians in Indonesia. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–1181 (9th Cir.2007) (en banc).

Manullang waived his CAT claim by failing to raise any arguments in his opening brief challenging the IJ's denial of this claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.